Filed 10/15/13  Marriage of Klaus and Null CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re the Marriage of ASHLEY KLAUS and CHRISTOPHER NULL.<br><br>ASHLEY KLAUS,<br><br>    Appellant,<br><br>v.<br><br>CHRISTOPHER NULL,<br><br>    Respondent. | A138492<br><br>(San Francisco County Super. Ct. No. FDI-09-771194) |

## I.  INTRODUCTION

Respondent, Christopher Null  has moved to dismiss appellant, Ashley Klaus's appeal of the trial court's March 20, 2013, order on the ground that the court's subsequent vacation of that order moots Klaus's appeal.  The motion is granted and the appeal is dismissed.  Null also seeks sanctions, a request we deny.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Null and Klaus were divorced in 2010.  At the time this appeal was filed their daughter was ten and their son was six.

On June 22, 2011, Null and Klaus entered into a stipulated parenting agreement. The salient features of this agreement are as follows:  Null and Klaus have joint legal custody of their daughter and son and a 70-30 custody schedule.  Under this schedule, the children live primarily with Null in San Francisco.  They have a number of weekend

1

visits with Klaus during the school year and spend substantially all of the summer with her.

Null and Klaus also agreed that if either of them moved, they would revise the agreement. In the event that, after required counseling and mediation, they were unable to agree on a revised agreement, the court would apply the "best interests of the child" standard to the manner in which the agreement would be revised.

On December 14, 2012, Klaus filed a motion to revise the agreement to essentially reverse the original custody arrangement to permit the children to live with her in Oregon during the school year with weekend and summer visits with Null. Klaus also requested the appointment of a custody evaluator and an order restraining Null from moving or enrolling the children in new schools "prior to judicial decision."

On December 31, 2012, Null filed a response to Klaus's motion, asking the court to maintain the status quo, arguing it was in the children's best interests to do so. Null also made an additional request that the court "confirm" that he could relocate from San Francisco to Marin County. Null indicated that he would consent to the appointment of Dr. Perlmutter to conduct a "limited custody evaluation to supplement his custody-evaluation report, dated 12/23/10."

At the time, daughter was in the fifth grade and son in the second grade. Null contended that a move to Novato would place the children in better schools and would not impact Klaus's time with the children.

Klaus opposed Null's request to move to Novato and asked the court to appoint a custody evaluator to replace Dr. Perlmutter.

On February 5, 2013, the court heard Klaus and Null's motions. Klaus represented herself; Null was represented by counsel. In an order filed March 20, 2013, the court denied Klaus's motion based on a finding of no change in circumstances. The court also ordered Null and Klaus to complete mediation by April 5, 2013, regarding Null's request to move to Novato.

Null and Klaus were unable to resolve through mediation the issue of Null's move to Novato.

On March 29, 2013, Null requested that the court clarify an "[a]mbiguous provision of custody order" and approve his "[r]elocation of minor children to Marin Co." Null again argued that his request to move to Novato did not require Klaus's approval because it did not affect her custody arrangement. Null argued that, in the alternative, the move was in the children's best interest. This matter was set for May 2, 2013.

On April 24, 2013, Klaus appealed from the court's March 20, 2013, order and moved to stay the May 2, 2103, hearing on Null's proposed move to Novato, pending her appeal.

On April 25, 2013, the court heard Klaus's request for a stay. Before ruling on the stay, however, the court announced that it was "prepared on my own motion to reconsider, to vacate my order denying Ms. Klaus's motion, and I will set that motion for hearing on May 2nd, along with Mr. Null's motion. That to me seems like the most efficient way to get to the finish line . . . ." The court explained that it had not intended to employ anything other than the best interests of the child standard. The court further stated that "I'm saying I'm changing my mind." The court then announced that it was "going to withdraw and vacate my order denying Ms. Klaus's motion, and I'm going to set that motion for hearing on May 2nd to take place with the trial of Mr. Null's motion." Noting that it had not yet ruled on the stay request, the court then ordered the case stayed. It also observed that it did so reluctantly because "I think that the consequence of what I just did is probably going to moot the appeal, and so as soon as the Court of Appeals does something with that appeal, then we will have this matter back on calendar."

On August 15, 2013, Null filed a motion to dismiss on the ground of mootness. He also sought sanctions.

### III. DISCUSSION

A.   *Mootness*

The trial court was correct that this appeal is moot, given that the order appealed from was vacated by the court the day after the appeal was filed. In fact, we can think of few clearer examples of mootness than when a trial court reconsiders and then vacates an

3

order from which an appeal is taken. "It is well settled that an appellate court will decide only actual controversies. Consistent therewith, it has been said that an action which originally was based upon a justiciable controversy cannot be maintained on appeal if the questions raised therein have become moot by subsequent acts or events." (*Finnie v. Town of Tiburon* (1988) 199 Cal.App.3d 1, 10.) Given that the trial court's subsequent vacation of the order appealed from leaves us no actual controversy to decide, this appeal must be dismissed.

Klaus, however, contends that her appeal is not moot because the trial court did not rule on her request for an updated custody evaluation. She is incorrect. The trial court vacated its order denying her motion, which included her request for an updated custody evaluation. In so doing, the court stated that it would consider both parties' motions anew—which would include Klaus's request for an updated custody evaluation. Nothing, therefore, precludes Klaus from renewing this request.

**B.** *Sanctions*

Null requests sanctions for the fees and costs he incurred in bringing the motion to dismiss. He argues that Klaus should have voluntarily dismissed her appeal after the trial court vacated the order on which it was based. On this record, we decline to impose sanctions on Klaus for her continued maintenance of this appeal. Similarly, we reject Klaus's argument that sanctions against Null are appropriate. (See Cal. Rules of Court, rule 8.276(a)(1); *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 654; *In re Marriage of Schnabel* (1994) 30 Cal.App.4th 747, 753.)

4

## IV.  DISPOSITION

The appeal is dismissed as moot.  Null and Klaus's requests for sanctions are denied.  The parties are to bear their own costs on appeal.

_____
Haerle, J.

We concur:

_____
Kline, P.J.

_____
Brick, J.*

* Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.